MMIN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Sears Hometown & Outlet Stores, )
Inc., )
 )
      Plaintiff, )
 )
 v. ) Case No. 17 C 4510
 )
 )
Rise Residential Construction, LP, )
 )
      Defendant. )
 )

## MEMORANDUM OPINION AND ORDER

In this straightforward breach of contract action, Sears Hometown & Outlet Stores, Inc., claims that its customer, Rise Residential Construction, breached the parties' written purchase agreement by failing to pay invoices for appliances and related equipment Rise purchased for a construction project in Texas. In its answer, Rise denied that it owes the amounts Sears claims are due and asserted three affirmative defenses: payment, modification, and failure to state a claim on which relief can be granted.

Before me are competing motions for summary judgment. Sears's motion, filed on December 8, 2017, argues that the undisputed record shows that Sears issued various invoices to Rise between September of 2016 and January of 2017, all of which came due between November of 2016 and February of 2017, for a total amount

of $382,150.89. The evidence further establishes, Sears submits, that Sears provided the goods purchased and otherwise substantially performed its obligations under the parties' agreement, but that Rise breached the agreement by failing to make any payments at all on these invoices until May 23, 2017, and by making three partial payments between May and November of 2017 that failed to satisfy Rise's outstanding debt, which now includes interest for late payment as well as costs, expenses and attorneys' fees. In response, Rise argued that Sears's motion was "premature" and that Sears was not entitled to summary judgment because "it cannot be determined at this time whether Rise will be able to employ the statutory affirmative defense of accord and satisfaction," which "would not mature until January 30, 2018."

Then, on February 20, 2018, Rise filed its own motion for summary judgment. Rise's motion asserts that Rise effectuated a wire transfer to Sears's account on November 1, 2017, in putative satisfaction of its outstanding debt, and that by retaining those funds for longer than 90 days, Sears has relinquished its right to seek payment of the amounts it claims are outstanding under the parties' written agreement. In Rise's view, the undisputed record as of January 30, 2018, when its affirmative defense of accord and satisfaction was "perfected," establishes that it is entitled to summary judgment of no liability based on that defense. For the

2

following reasons, I grant plaintiff's motion and deny defendant's.

Conspicuously, Rise identifies no evidence suggesting a triable dispute as to any element of Sears's breach of contract claim: the existence of a valid and enforceable contract; substantial performance by Sears; breach by Rise; and damages.[1] *Roberts v. Columbia College Chicago*, 821 F.3d 855, 863 (7th Cir. 2016); *W.W. Vincent & Co. v. First Colony Life Ins. Co.*, 814 N.E.2d 960, 967 (Ill. App. Ct. 2004). Instead, Rise places all of its eggs in the basket of its affirmative defense of accord and satisfaction, pointing to undisputed evidence that Sears received a wire transfer from Rise on or around November 1, 2017, in the amount of $333,785.90; that Rise's agent clearly indicated in a contemporaneous writing that it submitted the payment as "full and final payment on account," and that Sears has not returned the payment. These facts, Rise insists, establish its affirmative defense under Illinois' Uniform Commercial Code, 810 ILCS 5/3-311, titled "Accord and satisfaction by use of instrument."

---

[1] Rise does suggest, both in opposition to Sears's motion and in support of its own, that the parties' prior dealings and/or their subsequent communications regarding unpaid invoices somehow excuse Rise from its obligation to make payments pursuant to the terms of their written agreement. But Rise has offered no reasoned argument or legal authority to explain how its prior dealings or later communications with Sears controvert Sears's proof of its claim under the written agreement.

Rise's argument falters at the gate, however, because a wire transfer is not an "instrument" for purposes of the UCC. Section 3-104 of the UCC defines an "instrument" as a "negotiable instrument," which is "an unconditional promise or order to pay a fixed amount of money" that "is payable to bearer or to order at the time it is issued or first comes into possession of a holder," "is payable on demand or at a definite time," and (with limited exceptions) "does not state any other undertaking or instruction by the person promising or ordering payment." 810 ILCS 5/3-104(b). Courts applying the UCC have held that a wire transfer does not meet this definition. *Mitchell v. Comerica Inc.,* No. 10-cv-434, 2011 WL 251002, at *2 (S.D. Ill. Jan. 26, 2011); *Bank Brussels Lambert v. Credit Lyonnais*, 93 CIV.6876, 2000 WL 174955, at *6 (S.D.N.Y. Feb. 15, 2000). *See also* Sharpe v. F.D.I.C., 126 F.3d 1147, 1153 (9th Cir. 1997) (distinguishing a wire transfer from a negotiable instrument); *Epstein ex rel. Polchanin v. Bochko*, 80 N.E.3d 592, 594 (Ill. App. Ct. 2017) (affirming decision premised on the lower court's conclusion "that...wire transfers are not negotiable instruments"). Rise faults Sears for failing to cite authority for the proposition that "a payment marked full and final is inoperative for purposes of accord and satisfaction merely because it is made by wire transfer instead of check," but Rise has it backwards. Because the use of a negotiable instrument is an element of Rise's affirmative defense under the UCC, it is

4

*Rise* who must come forward with authority to support its argument that a wire payment satisfies that element. Rise has not done so, and each of Sears's authorities suggests the contrary.

Rise offers an extensive discussion of *MKL Pre-Press Elecs. v. La Crosse Litho Supply, LLC*, 840 N.E.2d 687, 691 (Ill. App. Ct. 2005), in which the court explained that "accord and satisfaction is a contractual method of discharging debts or claims between the parties to such an agreement" and held that "for such an arrangement to exist, there must be: (1) a *bona fide* dispute as to the claims pending between the parties; (2) an unliquidated sum owed; (3) consideration, (4) a shared mutual intent to compromise the claims; and (5) execution of the agreement. *MKL Pre-Press Elecs. v. La Crosse Litho Supply, LLC*, 840 N.E.2d 687, 691 (Ill. App. Ct. 2005) (emphasis added). Yet, after examining the facts of *MKL Pre-Press* in detail and declaring them "very similar" to those here,[2] Rise jettisons the inquiry mandated by that case on the misguided view that *IFC Credit Corp. v. Bulk Petroleum Corp.*, 403 F.3d 869, 874 (7th Cir. 2005), reduces the inquiry to a single, dispositive issue: Sears's retention of the wire payment marked "full and final." But Rise vastly overreads *IFC Credit Corp*. In that case, the court explained that the defendant's initial tender of a negotiable instrument to an individual other than the one the

---

[2] Rise omits that the affirmative defense at issue in MKL Pre-Press was grounded in the common law, while Rise relies on the Illinois UCC.

5

plaintiff organization designated to receive the payment did not prevent the tender from meeting the requirements of a valid accord and satisfaction, noting that the designated individual was quickly notified of the tender and the organization negotiated the instrument three days later. The case does not support Rise's view that all that matters is that Rise has not returned the wire payment Rise unilaterally characterized as "final."

For the foregoing reasons, I conclude that the record does not support Rise's affirmative defense of accord and satisfaction. Because Rise does not identify any other triable issue precluding summary judgment in Sears's favor, I grant Sears's motion and award damages in the amount of $59,685.69 with interest accumulating at a rate of 1.5% per month on any unpaid portion of the balance of the contract from December 5, 2017, until paid in full, as well as its costs and expenses, including attorneys' fees.

      **ENTER ORDER:**

*[signature: Elaine E. Bucklo]*

      **Elaine E. Bucklo**
      United States District Judge

Dated: May 9, 2018